IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PHILLIP TROKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-01193-ODS |
| | ) |
| GREAT PLAINS ROOFING | ) |
| AND SHEET METAL, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |

### ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION TO REMAND, AND (2) REMANDING THE MATTER TO STATE COURT

Pending is a Motion to Remand filed by Plaintiff Phillip Trokey. Doc. #6. The motion is granted, and the matter is remanded to the Circuit Court of Jackson County, Missouri.

This suit arises from personal injuries suffered by Trokey during his employment with Installtec, as the result of a lift tipping over. Defendant Great Plains Roofing and Sheet Metal, Inc. ("Great Plains") allegedly supplied the lift to Installec, and Defendant Spencer Plumb allegedly operated the lift during the incident. Trokey filed a Petition in the Circuit Court of Jackson County, Missouri, on September 4, 2015. Complete diversity of citizenship was lacking as Trokey and Plumb were citizens of Missouri. However, on October 6, 2016, Trokey dismissed his claims against Plumb after the two parties negotiated a settlement. On November 7, 2016, Great Plains removed the case to this court. Trokey seeks remand to state court.

When removal is predicated on diversity of citizenship, the case cannot be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "The statute is a product of Congress' different treatment for diversity cases (as opposed to federal question cases): it is a legislative judgment that a suit governed by state law that is filed in state court should remain in state court if it has been pending and consuming state judicial resources for

more than one year." *Bush v. State Farm Fire & Cas. Co.*, No. 13-0550-CV-W-ODS, 2013 WL 3755776, at *2 (W.D. Mo. July 16, 2013). "This legislative judgment dictates that diversity cases remain in state court unless bad faith is evidenced; the one year limit is not obviated by considerations of fairness, equity, or some other basis for ascertaining what seems 'right,' but only by bad faith." *Id.* at *3.

Trokey argues for the Court to interpret the meaning of "bad faith" using the standard for fraudulent joinder. However, courts address "bad faith" and "fraudulent joinder" independently of each other. *Bajaba, LLC v. Gen. Steel Domestic Sales, LLC*, No. 14-CV-4057, 2014 WL 5363905, at *6 (W.D. Ark. Oct. 21, 2014). Bad faith under section 1446 governs the time for removal, while fraudulent joinder pertains to the court's subject matter jurisdiction. *Id.* at *5-6. The Eighth Circuit has not yet set forth an interpretive standard for the "bad faith" exception under section 1446.

This suit was pending for more than one year before it was removed. Great Plains argues Trokey acted in bad faith by reaching a settlement with the non-diverse defendant, Plumb, resulting in Plumb's dismissal more than one year after the suit commenced. Both Great Plains and Plumb were named as defendants in Trokey's initial petition. Trokey asserted a valid claim against Plumb, evidenced by the state court denying Plumb's motion to dismiss for failure to state a claim. Doc. #6-1. This suggests reasons – other than to avoid federal court – for joinder of Plumb. While this matter was pending in state court, Great Plains raised no issue with Plumb being a defendant. Tellingly, Great Plains filed a cross-claim against Plumb, alleging his negligence in the incident caused Trokey's injuries. Given these circumstances, the Court discerns no bad faith.

Lastly, Great Plains argues the Court should employ a two-step framework to analyze the "bad faith" exception under section 1446. *See Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1273-77 (D. N.M. 2014). Under that framework, a court first examines whether the plaintiff actively litigated against the "removal spoiler" in state court. *Id.* at 1262-63 (defining actively litigate to consist of obtaining a settlement with the defendant). Actively litigating against the "removal spoiler" entitles the plaintiff to a rebuttable presumption of good faith. *Id.* If the plaintiff is entitled to the presumption,

the second step gives the defendant the opportunity to rebut the presumption with direct evidence of bad faith.  *Id.*

If the Court were to utilize the framework suggested by Great Plains, its decision would remain unchanged.  Trokey actively litigated against Plumb by defeating Plumb's motion to dismiss.  Moreover, the two parties negotiated a settlement.  Plumb's failure to respond to discovery and Trokey's failure to enforce discovery is questionable.  However, the settlement between the two parties in light of Plumb's motion to dismiss being denied is inconsistent with bad faith.  Additionally, Great Plains has provided no evidence – direct or otherwise – of Trokey acting in bad faith.  Plumb's joinder does not appear to be an effort by Trokey to avoid federal court.  The timing of the settlement, without more, does not reach the level of bad faith proscribed by section 1446(c).

This matter was removed more than one year after it was commenced, and the Court finds Plaintiff did not act in bad faith to prevent Great Plains from removing this matter.  Thus, removal is untimely.  Plaintiff's motion to remand is granted, and the case is remanded to the Circuit Court of Jackson County, Missouri.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 23, 2017
UNITED STATES DISTRICT COURT